UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Civil Number 06-12464
        Criminal Number 03-80532
        Honorable Julian Abele Cook, Jr.

JOEL McCALEBB,

        Defendant.

## ORDER

On January 29, 2004, a federal grand jury indicted the Defendant, Joel McCalebb, for his alleged violation of 18 U.S.C. §§ 922(g)(1)[1] and 924(e); namely, being a felon in possession of a firearm. On March 8, 2004, McCalebb, after pleading guilty to the charge within the indictment, was placed in the custody of the Bureau of Prisons for a period of 188 months. On June 2, 2006, McCalebb, acting without the assistance of an attorney, filed a motion which was designed to vacate his federal sentence pursuant to 28 U.S.C.§2255. The Government opposes his motion.

Notwithstanding the plain language of the federal statute, under which McCalebb was convicted, "Congress has . . . enacted an exception to this general rule turning on the definition of 'conviction.'" *Hampton* v *United States*, 191 F. 3d 695, 698 (6th Cir. 1999). This Court also notes

---

[1] § 922(g)(1) provides, in pertinent part, as follows: "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year [to] possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

that 18 U.S.C. §921(a)(20) provides, in part,

> What constitutes a *conviction* of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.  Any conviction. . . for which a person . . . has had civil rights restored shall not be considered a conviction for purposes of this chapter, *unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms.*

(emphasis added); see also *Hampton*, 191 F3d at 698.  If McCalebb's civil rights, such as his right to vote, hold public office, and serve on a jury "were restored [under Michigan law] at the time he was charged with a violation of §922 (g), he could not be guilty of the charge, having failed to meet the definition of 'conviction.'" *Hampton*, 191 F.3d at 698.  However, this standard does not apply to those situations in which the state law, under which a defendant's civil rights are restored, "expressly provides that the person may not . . . possess . . .  firearms." 18 U.S.C. §921(a)(20)

Relying upon *Hampton*, McCalebb contends that his "counsel was ineffective for failure to seek dismissal of the superseding indictment pursuant to . . .  18 U.S.C. §921(a)(20)." Def's Br. Supp.Mot. Vacate at 2.  To support his claim, he argues that "because MCL (sic) Michigan law restored his right to vote, hold public office and sit on a jury, . . . 18 U.S.C. §921(a)(20) prohibits a charge pursuant to . . . 18 U.S.C. §922(g)(1) if those civil right[s] are restored [.]" *Id.* at 5.  According to McCalebb, his prior conviction for a felonious assault does not qualify as a "conviction"  under Michigan law, and, therefore, it cannot be the basis for his violation of  18 U.S.C. §922(g)(1).  The Court disagrees.

Although McCalebb's civil rights may have been restored under Michigan law,  *see Hampton*,  191 F.3d at 699, his prior conviction, nevertheless, qualifies as a "conviction" under 18 U.S.C. §922(g)(1) because the *"restoration of* [*his*] *civil rights* [*under Michigan law*] *expressly provides that* [*an individual, such as McCalebb*] *may not ship, transport, possess or receive firearms." United States v Campbell*, 256F.3d. 381, 391 (6th Cir. 2001) (emphasis added)(alterations

in original). More specifically, Mich. Comp. Laws §750.224 (f)(2) provides that "[a] person convicted of a specified felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until . . . 5 years after . . . the person has served all terms of imprisonment . . . [and has] successfully completed all conditions of probation or parole imposed for the violation."

McCalebb's conviction for felonious assault in 1996 qualifies as a "specified felony under Mich. Comp. Laws §750.224 (f)(6).[2] According to the records, he was not discharged from parole until May 5, 2002. Under Mich. Comp. Laws §750.224 (f)(2), McCalebb was not eligible to legally possess a firearm until May 5, 2007 – five years after he had served all of the terms of his imprisonment and conditions of parole for his conviction for the felonious assault. Since he was in possession of a firearm on May 20, 2003, his prior conviction for felonious assault must stand as a "conviction" under 18 U.S.C. §921 (a)(20), and , in turn, under 18 U.S.C. §§ 922(g)(1) and 922(e).

Accordingly, and for the reasons that have been set forth above, McCalebb's motion to vacate his sentence must be, and is, denied.

IT IS SO ORDERED

Dated: <u>August 2, 2006</u>                                   s/ Julian Abele Cook, Jr.
      Detroit, Michigan                                             JULIAN ABELE COOK, JR.
                                                     United States District Court Judge

---

[2] Mich. Comp. Laws §750.224 (f)(6) provides, in pertinent part, that "[a] 'specified felony' means a felony in which 1 or more of the following circumstances exists: (1) An element of that felony is the use, attempted use, or threatened use of physical force against the person or property of another, or that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Certificate of Service

I hereby certify that on August 2, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

s/ Kay Alford
Courtroom Deputy Clerk