UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL McCALEBB,

                Plaintiff,

v.                                          Case Number 03-80532
                                          Honorable Julian Abele Cook, Jr.

UNITED STATES OF AMERICA,

                Defendant.

_____/

ORDER

On June 2, 2006, Joel McCalebb, acting without the benefit of an attorney, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In support of this motion, McCalebb contends that he should not have been subject to prosecution for his violation of 18 U.S.C. §§ 922(g)(1) and 924(e), namely, being a felon in possession in of a firearm, because at the time of the criminal offense, he was not "convicted" as defined by U.S.C. § 921(a)(20). On August 2, 2006, this Court rejected his argument, finding that he had satisfied the definition of being a "convicted" person, in that the law in Michigan specifically forbade him from possessing a firearm. On August 15, 2006, McCalebb filed an appeal from this decision to the Court of Appeals for the Sixth Circuit.

However, as a condition to submitting a challenge to the efficacy of the August 2nd order, the law requires McCalebb to seek and obtain a "Certificate of Appealability" in accordance with the

provisions within 28 U.S.C. § 2253 and Rule 22(b) of the Federal Rules of Appellate Procedure.[1]

Thus, in order for an aggrieved person to file an appeal from an adverse 28 U.S.C. § 2255 decision, a district court must issue a "Certificate of Appealability" in accordance with 28 U.S.C. § 2253(c), which states, in pertinent part, that:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> . . . .
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253(c).

In 2000, the Supreme Court held that "[w]here a district court has rejected the constitutional claim on the merits, the showing required to satisfy 28 U.S.C. § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Three years later, the Supreme Court clarified the standard for issuing "Certificates of Appealability," stating that the holding in *Slack* "should not be misconstrued as directing that a [Certificate of Appealability] must always issue. . . . Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not. It follows that issuance of a [Certificate of Appealability] must not be *pro forma* or a matter of course." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003); *Bradley v. Birkett,* 156 Fed.Appx.771, 773 (6th Cir. 2005).

---

[1]Rule 22(b) states that an applicant cannot appeal a 28 U.S.C. § 2255 decision "unless a circuit justice or a . . . district judge issues a [C]ertificate of [A]ppealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a [C]ertificate of [A]ppealability or state why a certificate should not issue." Fed. R. App. P. 22.

McCalebb's argument that he was not a felon, as defined by the federal felon-in-possession statute, 18 U.S.C. §§ 922(g)(1) and 924(e), is without merit. McCalebb contends that, inasmuch as his civil rights to vote, hold public office, and sit on juries were restored in May 2000 after being discharged from prison, he does not meet the definition of being a "convicted" person for purposes of the federal felon-in-possession statute because he falls under the "exception clause" provided at 18 U.S.C. 921(a)(20). (Def.'s Br. in Supp. of Mot. to Vacate at 5.)  This "exception clause" provides, in pertinent part, that:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction . . . for which a person . . . has had civil rights restored shall not be considered a conviction for purposes of this chapter, *unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms*.

18 U.S.C. § 921(a)(20) (emphasis added).

Although McCalebb's civil rights may have been restored, *see Hampton v. United States*, 191 F.3d 695, 699 (6th Cir. 1999), his prior conviction, nevertheless, qualifies as a conviction under 18 U.S.C. § 922(g)(1) because Michigan law also specifically prohibited him from possessing a firearm. *United States v. Campbell,* 265 F.3d. 381, 391 (6th Cir. 2001). McCalebb's conviction for his commission of a felonious assault in 1996 qualifies as a "specified felony" under Michigan Compiled Laws § 750.224f(6), and as such, he was prohibited from possessing a firearm for a period of five years after the completion of his parole. Mich. Comp. Laws § 750.224f(2). The record further indicates that McCalebb was not discharged from parole until May 5, 2002. Yet, he was arrested for possession of a firearm on May 20, 2003, which is nearly four years prior to the earliest date for which he would have been eligible to legally possess a firearm in Michigan.

McCalebb's entire argument in support of his motion to vacate his sentence is that his civil rights were automatically restored when he was released from the restrictions of parole. In

submitting this argument, McCalebb ignores the full text of 18 U.S.C. § 921(a)(20), which states that released felons, whose civil rights have been restored but are specifically barred by state law from possessing firearms, do not fall under the "exception clause" and can be subject to prosecution under U.S.C. §§ 922(g) and 924(e).

This Court, having reviewing the entire record, believes that it is reasonable to conclude that its rejection of McCalebb's argument was fully justified and legally correct. Accordingly, and for the reasons that have been set forth above, the application by McCalebb for the issuance of a "Certificate of Appealability" pertaining to the decision of August 2, 2006 must be, and is, denied.

IT IS SO ORDERED.

Dated: October 19, 2006                s/ Julian Abele Cook, Jr.
       Detroit, Michigan                JULIAN ABELE COOK, JR.
                                        United States District Court Judge


Certificate of Service

I hereby certify that on October 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                        s/ Kay Alford
                                        Courtroom Deputy Clerk